**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**Michael Alaf Getter,**

           **Plaintiff,**          **Civil Action No. 11-12021**

     **vs.**                 **District Judge Avern Cohn**

**Jane Doe #1, Dr. Hagues,**      **Magistrate Judge Mona K. Majzoub**
**Wayne County Jail Health**
**Services, Mental Health Dept.,**
**Dr. William A. Berk, Dr. Naseem**
**Ukani, Dr. Denise Gray, Detroit**
**Medical Center, Detroit Receiving**
**Hospital,**

           **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court are Defendant William A. Berk's motion to dismiss for lack of subject matter jurisdiction, for failure to state a claim, and summary judgment (Dkt. 14) and Defendant Denise Gray's motion to dismiss for lack of subject matter jurisdiction. (Dkt. 18.)  The Court has been referred these motions pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 10.)  The Court has reviewed the pleadings, dispenses with a hearing, and is now ready to issues its report and recommendation.[1]

## I.      Recommendation

Because the Court finds that Plaintiff's complaint and his request to amend his complaint fail to state a claim that would entitle him to relief, the Court recommends granting in part and denying

_____

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

1

in part Defendant Berk's motion to dismiss.  The Court recommends denying Defendant Gray's motion to dismiss.  The Court therefore ultimately recommends dismissing this case without prejudice.

## II.     Report

### A.     Facts

Plaintiff bases his claim against the defendants on two instances.  Plaintiff first alleges that several of the defendants over-medicated him.  Plaintiff then argues that several defendants mis-diagnosed several bones that he had allegedly broken.  The Court presents the facts of those instances, and the facts leading up to those instances.

On March 9, 2008 Plaintiff was arrested and taken to the Wayne County Jail at 570 Clinton Street, Detroit, Mich.  (Comp. ¶ 1.)  At 7pm on that day, Plaintiff saw a Wayne County nurse at the jail.  (*Id*. ¶ 2.)  At that time, she gave Plaintiff the last Seroquel pill that he had brought from the police station.[2]  (*Id*.)  During his interview with the nurse, he told her that he experienced back pain and that he took Seroquel for depression and because he heard voices.  (*Id*. ¶ 4.)  Plaintiff alleges that the nurse told him that she would put him on an 'on-call' list to see a doctor and/or psychiatrist the next day.  (*Id*. ¶ 5.)  Plaintiff also alleges that the nurse told him that he would receive a bottom bunk for sleeping.  (*Id*.)  Plaintiff then states that he was placed in a cell that evening, and that he did receive a bottom bunk.  (*Id*. ¶ 6.)

On March 10, 2008 Plaintiff states that no one from the Wayne County Jail Health Services called him out, so he started to complain to the deputies, and asked to see a psychiatrist and doctor,

---

[2]Seroquel is a medication that is used to treat the symptoms of schizophrenia and other mental diseases.

to receive medications.  (Compl. ¶ 7.)

Plaintiff claims that he did not receive any medication for approximately a week.  (Compl. ¶ 8.)  Around March 16, 2008 Plaintiff alleges he was moved to a different part of the jail and placed in a cell by himself.  (*Id*. ¶ 9.)  He states that he spoke with a male nurse who informed him that he would be put on the 'on-call' list to see the doctor on the follow day.  (*Id*.)  But on March 17, 2008 Plaintiff alleges that no one from Health Services called him or visited him.  (*Id*. ¶ 10.)

Plaintiff informs that several days passed, and his lack of medication had resulted in him experiencing suicidal thoughts. (Compl. ¶ 11.)  Plaintiff states that he again told a Wayne County Sheriff deputy that he had not received any of his psychiatric medications, and that he was thinking about harming himself.  (*Id*.)  As a result of his comments, Plaintiff states that he was moved to the psychiatric ward and placed on "suicide watch."  (*Id*. at 12, 13.)

A day after being moved, Plaintiff states that he saw a doctor and was put back on his medication–due to depression and hearing voices.  (Compl. ¶ 14.)

"Sometime after [being moved to the psychiatric ward,]" Plaintiff alleges that he saw a medical doctor, who prescribed Plaintiff pain medication for his back, and gave Plaintiff a medical bottom bunk detail.  (Compl. ¶ 15.)  But "[l]ater," Plaintiff alleges that a deputy moved Plaintiff to a top bunk.  (*Id*. ¶ 16.)  Plaintiff states that he informed that deputy that he had a medical detail to be on a bottom bunk, due to his back pain; Plaintiff alleges that the deputy said, "[t]hat don't mean nothing. Move to the top bunk or you're going to be placed in segregation."  (*Id*. ¶ 18.)  Plaintiff says that he followed orders because he did not want to be punished.  (*Id*. ¶ 19.)  Plaintiff states that he reported this incident to the Wayne County Sheriff sergeants and lieutenants, but that they did nothing.  (*Id*. ¶ 20.)  Plaintiff states that he also informed the medical treatment team, and that they

did nothing, as well.  (*Id*. ¶ 21.)

Several days passed, Plaintiff alleges, and then he was seen by Dr. Hagues.  (Compl. ¶ 22.)
At that visit, Plaintiff states that Dr. Hagues changed his medications.  (*Id*.)  Several days then
passed, Plaintiff states, and a nurse, Defendant Jane Doe #1, brought Plaintiff his medications,
including his old medications.[3]  (*Id*. ¶ 23.)  Plaintiff alleges that he asked Jane Doe #1 whether the
medications were his.  (*Id*. ¶ 24.)  Plaintiff states that Jane Doe #1 responded that the medications
were his and that she told Plaintiff to take all of the medication.  (*Id*.)  Plaintiff maintains that he
then took all of the medication at 8 or 9 p.m. and then fell asleep on his top bunk.  (*Id*. ¶ 25.)

That night, on May 30, 2008, Plaintiff alleges that he fell out of the top bunk.  (Compl. ¶ 26.)
He states that his cell mate called for deputies, but that none came.  (*Id*. ¶ 27.)  Plaintiff says that his
cell mate asked him if he was okay, but Plaintiff states that he could not respond because he was in
such severe pain and had had the 'wind' knocked out of him.  (*Id*. ¶ 28.)  The morning after, Plaintiff
alleges that he asked his cell mate to call the deputies and tell them that Plaintiff needed to see the
doctor.  (*Id*. ¶29.)  Plaintiff states that a deputy came, said that Plaintiff was not hurt because he was
not crying, and then refused to call the nurse for several hours.  (*Id*. ¶ 31.)  Plaintiff states that
several hours passed.  (*Id*.)  A nurse eventually visited Plaintiff, he states, and then took him to
Wayne County Jail Health Services.  (*Id*. ¶ 32.)  There, Plaintiff states that a doctor examined him
and gave him a shot.  (*Id*. ¶ 33.)

Plaintiff then was transported to the Detroit Medical Center (DMC), Detroit Receiving
Hospital.  (Compl. ¶ 34.)  At the DMC, Defendant Dr. William A Berk examined Plaintiff.  (*Id*. ¶

---

[3]The Court believes that this statement means that Jane Doe #1 gave Plaintiff his old and
new medications, instead of just Plaintiff's new medications.

35.)  Plaintiff also had x-rays taken of his chest and right wrist.  (*Id*. ¶ 36.)  Plaintiff states that Dr.
Berk discharged Plaintiff to back to Wayne County Sheriff's department lockup "in good condition."
(*Id*. at 35.) Plaintiff further alleges that the DMC medical records show that the x-rays of Plaintiff's
chest and wrist "were normal and showed no sign of a fracture."  (*Id*. ¶37.)

Plaintiff also states that Drs. Naseem Ukani and Denise Gray also found that the x-rays did
not show any fractures.  (Compl. ¶ 38.)  Plaintiff alleges that Dr. Beck told him that "nothing was
broken."  (*Id*. ¶ 39.)

After Plaintiff returned to the Wayne Count Jail and given another bottom bunk detail, he
states that he was still having severe pain in his right wrist and right side of his body. (Compl. ¶ 41.)
He maintains that he complained to the Wayne County deputies, nurses, and mental staff, but that
they continued to do nothing.  (*Id*.)

Plaintiff states that a "Deputy Mitchell" was finally sympathetic to Plaintiff and that Deputy
Mitchell listened to Plaintiff's story and then immediately called the head nurse. (Compl. ¶ 47.)  The
head nurse examined Plaintiff's wrist and side, Plaintiff states, and then took Plaintiff to get x-rayed
at Wayne County Jail Health Services.  (*Id*. ¶¶ 48, 49.)  Plaintiff states that he continued to complain
about his wrist and side.  (*Id*. ¶ 50.)  Plaintiff then states that the doctor showed him the x-rays of
his wrist and stated that both Plaintiff's wrist and rib were broken.  (*Id*. ¶ 51.)  Plaintiff alleges that
the doctor then stated "I don't know why DMC staff didn't see the break in your right wrist and right
rib," and then apologized to Plaintiff for waiting so long.  (*Id*. ¶ 52.)  Plaintiff then states that the
doctor put a cast on his wrist, but that the doctor stated that he could not do anything for Plaintiff's
rib.  (*Id*.)

Plaintiff then states that he received several visits after his broken bones diagnosis.  He

5

claims that Jane Doe #1 visited him, asked him if he was mad at her, and stating that she was just following Dr. Hagues's orders.  (Compl. ¶ 54.)  Dr. Hagues then visited Plaintiff, and asked him if he was blaming her for his fall because of the medication she gave him.  (*Id*. ¶ 55.)  Plaintiff states that he stated that he did not blame Dr. Hagues, because he was intimated by her, but he felt that he was, in fact, over-medicated.  (*Id*. ¶ 56.)

Plaintiff explains his process of filing grievances up to the point of his complaint.  He then states that he is suing Wayne County Jail Health Services Mental Health Department, Dr. Hagues, and Jane Doe #1 for over-medicating him and not discontinuing his old medication.  (Compl. ¶ 63.)  He states that he is suing the DMC, Dr. William Berk, Dr. Naseem Ukani, and Dr. Denise G. Gray for failing to diagnose his broken wrist and rib.  (*Id.*)

### B.    Standards

#### 1.    Rule 12(b)(1) subject mater jurisdiction standard

Because Defendants have challenged jurisdiction pursuant to Rule 12(b)(1), Plaintiff bears the burden of proving jurisdiction to survive the motion.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).  "[A] plaintiff's burden to prove federal question subject matter jurisdiction is not onerous."  *Metro Hydroelec. Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (2008) (quoting *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994)).  Plaintiff must "show that the complaint alleges a claim under federal law and that the claim is substantial."  *Michigan Souther R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (internal quotation marks and citations omitted).  "A federal claim is substantial unless prior decisions inescapably render [it] frivolous."  *Metro Hydroelec.*, 541 F.3d at 610 (quotation marks and citation omitted, insertion in original.)  Plaintiff can survive the motion to

dismiss by showing "any arguable basis in law for the claims set forth in the complaint." *Id*. (internal quotation marks and citations omitted).  If the Court decides that it lacks subject matter jurisdiction, it must dismiss the case.  Fed.R.Civ.P. 12(h)(3).

Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

> A facial attack is a challenge to the sufficiency of the pleading itself.  On such a motion, the court must take the material allegations of the [complaint] as true and construed in the light most favorable to the nonmoving party.

> A factual attack . . . is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction.  On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id*. (emphases and citations removed).

### 2.    Rule 12(b)(6) motion to dismiss standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  See *Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp*., 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all

the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

### C.    Analysis

Defendants Berk and Gray have moved the Court to dismiss Plaintiff's complaint. As an initial matter, the Court notes that "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (emphasis removed, citation omitted). Given this guiding principle, the Court finds that it does have jurisdiction over Plaintiff's complaint. But despite having

8

jurisdiction, the Court finds that Plaintiff's complaint fails to allege facts sufficient to support a claim.   And despite Plaintiff's request to amend his complaint, the Court finds that, reading Plaintiff's pleadings liberally, Plaintiff has not alleged facts in his request to amend that would survive a Rule 12(b)(6) motion to dismiss.   The Court therefore recommends granting Defendant Berk's motion to dismiss Plaintiff's complaint, in its entirety, for failure to state a claim, and thus dismissing this case without prejudice.

### 1.      The motions to dismiss

Defendant Berk has moved the Court to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6.)  Defendant Berk has alternatively moved for summary judgment.  (Def. Berk's Mot. to Dismiss.)

Defendant Gray also argues that the Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  (Def. Gray's Mot. to Dismiss.)

### a.      Motions to dismiss for lack of subject matter jurisdiction

Defendant Berk first moves the Court to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  Defendant Berk argues that the Court lacks subject matter jurisdiction because Plaintiff's complaint does not "identify, reference, implicate or allude to **any** right, claim or cause of action afforded to him" by federal law "that would serve as a basis for this Court's jurisdiction over his complaint in this case."   (Def. Berk's Mot. to Dismiss at 1.) (emphasis in motion.) Defendant Gray makes the same argument.  (*See generally* Def. Gray's Mot. to Dismiss.)

Plaintiff, in his response to the motions, agrees with Defendants Berk and Gray–he acknowledges that he did not establish federal jurisdiction in his complaint. (Pl.'s Resp. at 2.)  But

such a mistake, Plaintiff argues, does not warrant dismissal. (*Id.*) Plaintiff urges the Court to look to the underlying factual basis of the complaint, and if the Court were to do so, the Court would discover a federal claim. (*Id.*) Plaintiff argues that the federal claim is that the defendants violated Plaintiff's Eighth Amendment constitutional right to be free from unnecessary and wanton infliction of harm when they were deliberately indifferent to Plaintiff' serious medical needs, a violation made actionable by 42 U.S.C. § 1983. (*Id.*) Because Plaintiff recognizes his complaint's pleading deficiencies, he requests leave to amend his complaint pursuant to Rule 15.[4]

The Court does not recommend dismissing Plaintiff's complaint for lack of subject matter jurisdiction. Reading his complaint liberally, as the Court is required to do, the Court finds that there is an obvious allegation of a 42 U.S.C. § 1983 claim for a violation of a Plaintiff's constitutional right to adequate medical care. Although the allegation is not explicit, the Court finds that it is obvious enough to satisfy the subject matter jurisdiction threshold for federal question jurisdiction. The Court recommends denying those aspects of Defendants Berk and Gray's motions to dismiss for lack of subject matter jurisdiction.

**b.     Motion to dismiss for failure to state a claim**

Defendant Berk also moves to dismiss Plaintiff's complaint against all the defendants for failure to state a claim. Defendant Berk argues that Plaintiff's complaint does not meet the requirements of Rule 12(b)(6) or Rule 8(a)(2).[5] (Def. Berk's Mot. to Dismiss at 5.) Defendant Berk maintains that Plaintiff has not pleaded the elements of any viable legal theory and that he has not

---

[4]The Court discusses Plaintiff's request to amend below.

[5]Federal Rule of Civil Procedure 8(a)(2) require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

provided a statement of any claim that would entitle him to relief.  (*Id.*)  The Court agrees with Defendant Berk.

### i.      Failure to provide medical treatment standard

To establish a constitutional violation of the right to adequate medical care, a plaintiff must prove two components–one objective, the other subjective.  *Jerauld ex rel. Robinson v. Carl*, No. 09-5714, 2010 WL 5439796, at *5 (6th Cir. Dec. 30, 2010).

The objective component requires a plaintiff "to allege facts showing that the medical need at issue [wa]s sufficiently serious."  *Id.*  (internal quotation marks and citation omitted).  A plaintiff can show that a medical need was sufficiently serious by alleging facts that "show an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers."  *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004).  A plaintiff can also show that is medical need is "objectively seriously" if the medical condition is "one that has been diagnosed by a physician as mandating treatment."  *Id.* (citation, quotation marks, and emphasis omitted).

The subjective component requires a plaintiff to "allege facts which, if true, would show that (1) the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, (2) that he did in fact draw the inference, and (3) that he then disregarded that risk."  *Id.* (internal quotation marks and citation omitted).  A plaintiff can satisfy the subjective component by showing that the officer or official was deliberately indifferent to the plaintiff's serious medical needs.  *Cain v. Irvin*, 286 F. App'x 920, 926 (6th Cir. 2008) (citation omitted).  "Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Jerauld*

11

*ex rel. Robinson*, 2010 WL 5439796, at \*5 (internal quotation marks and citations omitted).

        **ii.**      **Plaintiff's complaint does not satisfy Rule 12(b)(6)'s pleading requirements**

Defendant Berk has alternatively moved the Court to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6). The Court agrees with Defendant Berk and recommends dismissing Plaintiff's complaint without prejudice.

Here, Plaintiff states that he is suing Wayne County Jail Health Services Mental Health Department, Dr. Hagues, and Jane Doe #1 for over-medicating him and not discontinuing his old medication. (Compl. ¶ 63.) He states that he is suing the DMC, Dr. William Berk, Dr. Naseem Ukani, and Dr. Denise G. Gray for failing to diagnose his broken wrist and rib. (*Id.*)

These statements, and the rest of allegations in Plaintiff's complaint, do not even hint at Plaintiff's ability to establish the subjective component of a 42 U.S.C. § 1983, Eighth Amendment deliberate indifference claim. Again, Plaintiff is required to "allege facts which, if true, would show that (1) the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, (2) that he did in fact draw the inference, and (3) that he then disregarded that risk." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004) (internal quotation marks and citation omitted). Plaintiff could also satisfy the subjective component by showing that the officer or official was deliberately indifferent to the plaintiff's serious medical needs. *Cain v. Irvin*, 286 F. App'x 920, 926 (6th Cir. 2008) (citation omitted). "Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Jerauld ex rel. Robinson*, 2010 WL 5439796, at \*5 (internal quotation marks and citations omitted).

Here, Plaintiff has not alleged facts that would support the subjective component. His

12

allegations, as they stand, require the Court to assume that the defendants acted with a culpability greater than negligence in allegedly over-medicating and allegedly mis-diagnosing Plaintiff. The Court will not make such an assumption; Plaintiff's complaint is deficient, and requires dismissal.

### iii.    The Court will not allow Plaintiff to amend his complaint

Plaintiff, in his response, has requested that the Court allow him leave to amend his complaint. (Pl.'s Resp. at 4.)  Although courts are to allow amendments "when justice so requires," a motion "for leave to amend must state with particularly the grounds for amendment." *Patterson v. Novartis Pharm. Corp.*, 10-5886, 2011 WL 3701884, at *3 (6th Cir. Aug. 23, 2011) (citing Fed.R.Civ.P. 15(a)(2), 7(b), and *Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006)). A motion for leave to amend must also "state with particularity the grounds for amendment." *Id*. A one-sentence request to amend a complaint is not sufficient. *Id*.  Eastern District of Michigan Local Rule 15.1 also requires a plaintiff to attach a proposed amended complaint to the motion for leave to file an amended complaint.  But the Local Rule 15.1 does not require denial for failure to comply with the rule.

Here, Plaintiff requests leave to amend his complaint to cure the complaint's factual deficiencies and to comply with Rule 8's pleading requirements. (Pl.'s Resp. at 4.)  While the Court reads Plaintiff's complaint liberally, the Court finds that dismissal pursuant to Rule 12(b)(6) is appropriate because Plaintiff has not made any allegations in his response (where he requested leave to amend) that suggest that he will plead allegations that would support the subjective component of a deliberate indifference claim. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("The leniency granted to pro se petitioners . . . is not boundless." "Pro se plaintiffs are treated to less stringent standards, but 'they are not automatically entitled to take every case to trial.'"

"Traditionally[,] the 'leniency standard' has still required basic pleading standards." *Id.* (citation omitted)).   The Court therefore denies Plaintiff's request to amend his complaint.

### D.   Conclusion

For the above-stated reasons, the Court recommends denying in part and granting in part Defendant Berk's motion to dismiss.  The Court recommends granting Defendant Berk's motion to dismiss Plaintiff's complaint without prejudice against all defendants for failure to state a claim pursuant to Rule 12(b)(6).[6]  The Court also recommends denying Defendant Gray's motion.  The Court therefore ultimately recommends dismissing this case without prejudice.

## III.   Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

---

[6]The Court finds addressing Defendant Berk's motion for summary judgment inappropriate at this time.

14

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 13, 2012                         s/Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on January 13, 2012.

                                                s/Jane Johnson
                                                Deputy Clerk

15