UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALAF GETTER,

    Plaintiff,

vs.                                                Case No. 11-12021

JANE DOE #1, DR. HAGUES,             HON. AVERN COHN
DR. WILLIAM A. BERK, DR.
NASEEM UKANI, and DR. DENISE
GRAY,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S REQUEST FOR PERMISSION TO APPEAL UNDER FED. R. CIV. P. 54(B) (Doc. 38)

I.

This is a case concerning medical care. Plaintiff Michael Alaf Getter is a state prisoner. He sued two groups of defendants. The first group consists of Jane Doe #1 and Dr. Hagues, whom plaintiff alleges are part of the Wayne County Jail Health Mental Services, Mental Health Department. The second group consisted of Dr. William A. Berk, Dr. Nassem Ukani,[1] and Dr. Denise Gray, all of whom plaintiff alleges are employed by the Detroit Medical Center at Detroit Receiving Hospital. Broadly construed, plaintiff complains about the medical care he received while incarcerated at the Wayne County Jail and later at Detroit Receiving Hospital.

The matter was referred to a magistrate judge for pretrial proceedings. Berk filed a motion to dismiss for lack of subject matter jurisdiction, for failure to state a claim, and for summary judgment (Doc. 14). Gray filed a motion to dismiss for lack of subject

---

[1] Ukani has not been served.

matter jurisdiction (Doc. 18). The magistrate judge issued a report and recommendation (MJRR), recommending that Gray's motion be denied and Berk's motion be granted on the grounds that plaintiff has failed to state a claim. (Doc. 22). Plaintiff objected. (Doc. 26). The Court adopted in part and rejected in part the MJRR. Specifically, in an order dated March 13, 2012, the Court found that (1) plaintiff's complaint asserts a claim under 42 U.S.C. § 1983 over which the Court has jurisdiction, (2) the only plausible claim against Berk, Gray, and Ukani is a state law medical malpractice claim which involves different factual circumstances. As such, the Court declined to exercise supplemental jurisdiction over plaintiff's claim against Berk, Gray, and Ukani and dismissed then without prejudice under 28 U.S.C. § 1367(c). (Doc. 29).

Before the Court is plaintiff's request for permission to appeal the dismissal of Berk, Gray, and Ukani. (Doc. 38). Berk and Gray filed separate responses in which they concur in plaintiff's request. (Docs. 42, 45). For the reasons that follow, plaintiff's request will be granted.

II.

Rule 54(b) provides that when multiple parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The rule "permits immediate review of certain district court orders prior to the ultimate disposition of a case." Gen Acquisition, Inc v. GenCorp, Inc., 23 F3d 1022, 1026 (6th Cir. 1994). However, the rule "does not tolerate immediate appeal of every action taken by a district court." Id. Instead, "[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision

in a multiple claims action is ready for appeal," taking into account "administrative interests as well as the equities involved." Curtiss-Wright Corp. v. Gen Elec. Co, 446 US 1, 8 (1980).

"Rule 54(b) certification requires two independent findings.  First, the district court must expressly 'direct the entry of final judgment as to one or more but fewer than all the claims or parties' in a case.  Second, the district court must 'express[ly] determin[e] that there is no just reason' to delay appellate review.'" Gen Acquisition, 23 F3d at 1026.

The rule is intended "'to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.'" Good v Ohio Edison Co., 104 F3d 93, 95 (6th Cir 1997), quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2654 (1983).  Certification is generally not appropriate where the adjudicated and pending claims are closely related and stem from essentially the same factual allegations, or where there is the potential that the challenged ruling could be rendered moot by subsequent proceedings in the district court. Soliday v Miami County, 55 F3d 1158, 1163 (6th Cir 1995); General Acquisition, supra at 1031.

## III.

Rule 54(b) certification is appropriate.  The prudential decision to dismiss Berk, Gray, and Ukani without prejudice is sufficiently final.  Moreover, there is no just reason for delay.  The state law claims against Berk, Grey, and Ukani are for failing to diagnose and treat his broken rib and wrist.  His federal claim against Jane Doe # 1 and Hagues

relate to improper medication. The claims are not sufficiently related and there is no prejudice[2] in allowing an immediate appeal.

IV.

For the reasons stated above, plaintiff's request is GRANTED. The Court's order dismissing Berk, Gray, and Ukani is CERTIFIED for immediate appeal under Fed. R. Civ. P. 54(b). The Clerk shall prepare an appropriate judgment.

SO ORDERED.


        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: June 12, 2012

I hereby certify that a copy of the foregoing document was mailed to Michael Getter, 184843, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 and the attorneys of record on this date, June 12, 2012, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160

---

[2] Plaintiff contends that an immediate appeal is necessary because he will suffer prejudice if he has to file suit in state court against Berk, Gray, and Ukani, implying that his claims may be barred by the statute of limitations. As Berk and Gray point out, any prejudice in this regard has nothing to do with whether certification is proper, but goes to the merits of an appeal. In any event, the Court agrees with plaintiff's request that permitting an immediate appeal is proper.