**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHAEL ALAF GETTER,**

    **Plaintiff,**            **CIVIL ACTION NO. 11-CV-12021**

    vs.                       **DISTRICT JUDGE AVERN COHN**

                                **MAGISTRATE JUDGE MONA K. MAJZOUB**

**JANE DOE #1, and DR. HAGUES,**

    **Defendants.**

_____/

## ORDER FOR SUPPLEMENTAL BRIEFING OF DEFENDANT DR. M. HAGUES'S MOTION FOR SUMMARY JUDGMENT [56].

This is a *pro se* action filed by Plaintiff Michael Getter, a Michigan state prisoner, alleging civil-rights violations under 42 U.S.C. § 1983. (Docket no. 1.) The Court has previously dismissed Plaintiff's claims against three additional defendants, leaving only Plaintiff's claims against Defendants Jane Doe (a nurse employed at the Wayne County Jail at the time of the incident) and Dr. M. Hagues (a psychiatrist at the Wayne County Jail). (*See* docket no. 55.) Before the Court is Defendant Hagues's Motion for Summary Judgment. (Docket no. 56.) All pretrial matters have been referred to the undersigned for action. (Docket no. 10).

To simply state Plaintiff's claim, he asserts that Defendant Doe, on orders from Dr. Hagues, overmedicated him by adding new medications to treat his bipolar disorder while failing to stop his old medications. Plaintiff alleges that due to this overmedication, he had nightmares and fell out of his top bunk, breaking his wrist and a rib. (*See, generally*, docket no. 55.) In the instant Motion, Dr. Hagues argues that Plaintiff's claims fail under Fed. R. Civ. P. 56(c) because "Plaintiff has not alleged fact (sic) that if true would show that Dr. Hagues subjectively perceived facts from which

1

to infer substantial risk to the prisoner; further that Dr. Hagues drew this inference; and that while doing so disregarded that risk." (Docket no. 56 at 11.) In support of this argument, Dr. Hagues states that "[w]hen considering the entire medical record of the plaintiff, and the fact that plaintiff was provided prescriptions for his bipolar and those prescriptions were modified for his ever-changing needs, and the total lack of any reference to misdosage or over-medication (sic) warrants dismissal." (*Id.* at 11-12.)

Although not clearly stated, it appears that Dr. Hagues is referring to facts garnered from Plaintiff's medical records. (*See id.* at 8.) Dr. Hagues alleges that a month before Plaintiff's injury, he was "complaining of restless sleep and nightmares" and that "[h]e desired a change in medication since his previous medications he attributed to 'getting him in a lot of fights.'" (*Id.*) Dr. Hagues also states that Plaintiff "complained of increased appetite, sleeplessness and mood swings[,] . . . voluntarily stopped taking Roboxin and Neurontin," and was "manipulative . . . in trying to dictate his housing assignment." (*Id.*)

Dr. Hagues's arguments may have merit, but other than one reference to "Appendix A" of the Motion, Dr. Hagues has not cited to any evidence in Plaintiff's medical record to support these factual allegations. Appendix A is a 165-page, compiled medical record consisting of handwritten notes and forms from multiple facilities and caregivers. (Docket no. 56-1.) Moreover, many of the signature blocks have been redacted, so the Court is unable to determine the care in which Dr. Hagues participated. (*See id.*) Dr. Hagues relies on "the entire medical record of the plaintiff" to support the instant Motion. Nevertheless, the Court cannot parse through 165 pages of substantially

illegible and irrelevant documentation[1] in an attempt to figure out the materials on which Dr. Hagues relies.

**IT IS THEREFORE ORDERED** that Dr. Hagues must file, on or before May 31, 2013, a Supplemental Brief in Support of the instant Motion to Dismiss, in which Dr. Hagues must include citations to specific pages in the medical record that support the arguments therein.  Dr. Hagues is prohibited from raising new arguments in this Supplemental Brief.  Failure to comply with this Order may result in a denial of Dr. Hagues's Motion for Summary Judgment [56].

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 10, 2013            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Michael Getter and Counsel of Record on this date.

Dated: May 10, 2013            s/ Lisa C. Bartlett
                               Case Manager

---

[1] Appendix A includes, for example, Plaintiff's "Dental Case Summary."  (Docket no. 56-1 at 35-38.)