UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALAF GETTER,

    Plaintiff,

vs.                                                              Case No. 11-12021

JANE DOE #1, and DR. M. HAGUES,              HON. AVERN COHN

    Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 66)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 63)
AND GRANTING HAGUES'S MOTION FOR SUMMARY JUDGMENT (Doc. 56)
AND DISMISSING CASE**

**I.**

This is a case concerning medical care. Plaintiff Michael Alaf Getter is a state prisoner currently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan. He has sued two groups of defendants. The first group consists of Jane Doe #1[1] and Dr. M. Hagues (Hagues), who are part of the Wayne County Jail Health Mental Services, Mental Health Department. The second group consists of Dr. William A. Berk, Dr. Nassem Ukani, and Dr. Denise Gray, employed by the Detroit Medical Center at Detroit Receiving Hospital. Broadly stated, plaintiff complains about the medical care he received while incarcerated at the Wayne County Jail and later at Detroit Receiving

---

[1] Plaintiff alleges that Jane Doe #1 is a nurse at Wayne County Jail who he alleges gave him improper medication and/or over medicated him. The magistrate judge recommends that Doe be dismissed without prejudice for failure to serve under Fed. R. Civ. P. 4m. The Court agrees. It is plaintiff's responsibility to identify this defendant so the U.S. Marshal may serve her. Accordingly, plaintiff's claims against Doe are DISMISSED WITHOUT PREJUDICE.

Hospital.

The matter was referred to a magistrate judge for pretrial proceedings. Following motions by Berk and Gray, the Court declined to exercise supplemental jurisdiction over plaintiff's claims against Berk, Gray, and Ukani and therefore dismissed them without prejudice.[2] (Doc. 29).

Plaintiff then filed an amended complaint against Jane Doe #1 and Hagues. Hagues then filed a motion for summary judgment. (Doc. 56). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted. (Doc. 63). Before the Court are plaintiff's objections to the MJRR. (Doc. 66) For the reasons that follow, the objections will be overruled, the MJRR will be adopted, Hagues motion for summary judgment will be granted, and the case will be dismissed.

## II.

Plaintiff alleges that Hagues over-medicated him which amounted to deliberate indifference to his serious medical need, in violation of his Eighth Amendment rights. Plaintiff further contends that as a result of the over-medication, he fell from his top bunk and was injured.

## III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or

---

[2]Plaintiff later filed a motion for permission to appeal the Court's dismissal of Berk, Gray, and Ukani. The Court granted the motion. (Doc. 51) and entered a separate judgment as to these defendants. (Doc. 52). Plaintiff, however, did not file a notice of appeal from the judgment.

recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

### IV.

Plaintiff makes several objections to the MJRR. Nothing in plaintiff's objections convince the Court that the magistrate judge erred in her recommendation. While plaintiff suggests he did not receive certain discovery in the form of a "medication log," the record contains plaintiff's complete medical file. That it does not contain a "medication log" does not mean that the record is incomplete. Moreover, the magistrate judge carefully reviewed plaintiff's medical file and concluded, correctly, that Hagues was not deliberately indifferent to plaintiff's medical needs and in fact attempted to provide plaintiff with appropriate medical care at every appointment. Plaintiff's objections as to an inability to identify Doe also fail because it is plaintiff's responsibility

to identity all parties. Plaintiff's assertion that Hagues' actions caused him injury is also not well-taken. The record is clear that his placement on the top bunk from where he fell was against Hagues' orders. Likewise, plaintiff's unsupported assertion that Doe gave him the wrong medication, even if true, does not support a claim against Hagues as to an over-medication. Overall, the record fails to show a genuine issue of material fact as to whether Hagues' actions amounted to deliberate indifference. Summary judgment in Hagues' favor is appropriate.

## V.

For the reasons stated above, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Hagues' motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: August 13, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 13, 2013, by electronic and/or ordinary mail.

        S/Sakne Chami
        Case Manager, (313) 234-5160